# CERTIFICATION OF LASHAWN PORCHER

I, Lashawn Porcher, certify under penalty of perjury as follows:

1. I am the Debtor in this Chapter 13 matter.

2. I filed bankruptcy on April 14, 2026.

3. Since the filing date, NJ DOL and SSA have continued offsetting, intercepting, garnishing, withholding, reducing, or collecting benefits and payments despite the automatic stay.

4. I was advised that offsets would continue despite the bankruptcy filing.

5. The continued offsets are causing immediate hardship and inability to meet necessary living expenses.

6. I request immediate enforcement of the automatic stay before the June 17, 2026 hearing.

7. I request return of all funds offset beginning April 14, 2026 through present.

8. I certify that the foregoing statements are true and correct.


Date: 05/21/2026

/s/ Lashawn Porcher
Pro Se Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY – NEWARK VICINAGE

**In re:** Lashawn Porcher
Debtor.

Case No.: 26-14097
Chapter 13

**EMERGENT NOTICE OF MOTION TO ENFORCE AUTOMATIC STAY**

PLEASE TAKE NOTICE that Debtor Lashawn Porcher shall move before the United States Bankruptcy Court, District of New Jersey, Newark Vicinage, for entry of an emergency temporary order enforcing the automatic stay pursuant to 11 U.S.C. § 362 against the New Jersey Department of Labor ("NJ DOL") and the Social Security Administration ("SSA").

Debtor requests immediate temporary relief prior to the scheduled June 17, 2026 hearing date because offsets and collections continue despite the Chapter 13 filing on April 14, 2026.

Debtor requests immediate cessation of all offsets, return of all funds taken beginning April 14, 2026, preservation of records, accounting of all offsets, and sanctions for violation of the automatic stay.

Date: 05/21/2026

/s/ Lashawn Porcher
Pro Se Debtor

# EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY

Debtor Lashawn Porcher ("Debtor"), appearing pro se, respectfully moves this Court on an emergent basis for immediate enforcement of the automatic stay pursuant to 11 U.S.C. § 362 and states as follows:

1. Debtor filed a Chapter 13 bankruptcy petition on April 14, 2026 in Case No. 26-14097 in the United States Bankruptcy Court for the District of New Jersey, Newark Vicinage.

2. Upon filing, the automatic stay under 11 U.S.C. § 362 immediately went into effect by operation of federal law.

3. Despite the active bankruptcy stay, the New Jersey Department of Labor ("NJ DOL") and the Social Security Administration ("SSA") have continued offsetting, intercepting, withholding, reducing, garnishing, or collecting funds and/or benefits after April 14, 2026.

4. Debtor contacted NJ DOL and was advised that offsets would continue despite the bankruptcy filing and despite protections afforded by the automatic stay.

5. Upon information and belief, neither NJ DOL nor SSA obtained relief from the automatic stay from this Court.

6. The continued offsets and collections violate the protections afforded by 11 U.S.C. § 362 and are causing immediate and ongoing financial hardship.

7. The ongoing hardship affects Debtor's ability to pay rent, utilities, transportation, food, and necessary living expenses.

8. Immediate temporary enforcement is necessary before the scheduled June 17, 2026 hearing in order to prevent continuing irreparable financial harm and preserve the status quo.

9. Debtor respectfully requests return and turnover of ALL funds offset, intercepted, garnished, withheld, reduced, or collected beginning April 14, 2026 through present pending further order of this Court.

10. Debtor requests preservation of all records, payment histories, accounting records, collection notes, communications, garnishment records, and offset histories from April 14, 2026 through present.

11. Debtor further requests that the Court and/or Clerk provide notice of any emergency temporary order to NJ DOL, the New Jersey Attorney General's Office, and SSA immediately upon entry.

12. Because the automatic stay exists immediately by operation of law pursuant to 11 U.S.C. § 362, Debtor respectfully requests temporary enforcement relief without necessity of further hearing prior to June 17, 2026.

**WHEREFORE**, Debtor respectfully requests that this Court:

A. Immediately enforce the automatic stay;
B. Order NJ DOL and SSA to immediately cease all offsets and collection activity;
C. Order return and turnover of all funds offset beginning April 14, 2026 through present;
D. Require an accounting of all post-petition offsets and collections;
E. Require preservation of all records;
F. Reserve jurisdiction for sanctions, damages, contempt, and relief under 11 U.S.C. § 362(k);
G. Direct immediate notice of the Court's ruling to NJ DOL, SSA, and the Attorney General's Office; and
H. Grant any additional relief deemed just and equitable.

Date: 05/21/2026

/s/ Lashawn Porcher
Pro Se Debtor

# CERTIFICATION OF SERVICE

I certify that on May 21, 2026, I served copies of the Emergency Motion to Enforce Automatic Stay, Certification, and Proposed Emergency Temporary Order by regular and certified mail upon the following:

| Party | Address |
|---|---|
| NJ Department of Labor | Benefit Payment Control Unit<br>PO Box 951<br>Trenton, NJ 08625 |
| NJ Attorney General | 25 Market Street<br>Trenton, NJ 08625 |
| Social Security Administration | Office of General Counsel<br>6401 Security Blvd<br>Baltimore, MD 21235 |

Date: 05/21/2026

/s/ Lashawn Porcher
Pro Se Debtor

# PROPOSED EMERGENCY TEMPORARY ORDER

The Court having reviewed the Debtor's Emergency Motion to Enforce Automatic Stay, and good cause appearing;

The Court further finds that the automatic stay pursuant to 11 U.S.C. § 362 became effective immediately upon filing by operation of law and that immediate temporary enforcement is necessary to preserve the status quo and prevent continuing financial harm pending the June 17, 2026 hearing.

The Court further finds that because the automatic stay already exists pursuant to federal bankruptcy law, temporary enforcement relief may be entered without necessity of further hearing prior to the June 17, 2026 hearing date.

IT IS HEREBY ORDERED THAT:

1. The automatic stay pursuant to 11 U.S.C. § 362 remains in full force and effect in this Chapter 13 matter filed on April 14, 2026, Case No. 26-14097;

2. Pending the June 17, 2026 hearing, NJ DOL and SSA shall immediately cease and suspend all offsets, garnishments, interceptions, withholdings, benefit reductions, collections, or recoupments against the Debtor;

3. NJ DOL and SSA shall immediately stop offsetting or intercepting any unemployment benefits, Social Security benefits, disability payments, tax refunds, or other government-related payments payable to the Debtor unless and until further Order of this Court;

4. NJ DOL and SSA shall return and turnover all funds offset, intercepted, garnished, withheld, reduced, or collected beginning April 14, 2026 through present pending further order of this Court;

# CONTINUED PROPOSED EMERGENCY TEMPORARY ORDER

5. NJ DOL and SSA shall preserve all records, payment histories, accounting records, communications, collection notes, garnishment records, and offset histories relating to the Debtor from April 14, 2026 through present;

6. NJ DOL and SSA shall provide a complete accounting of all offsets, interceptions, garnishments, withholdings, collections, or reductions occurring after April 14, 2026 within fourteen (14) days of entry of this Order;

7. The Clerk and/or Court shall provide notice of this Order immediately upon entry to:

• New Jersey Department of Labor
Benefit Payment Control Unit
PO Box 951
Trenton, NJ 08625

• New Jersey Office of the Attorney General
25 Market Street
Trenton, NJ 08625

• Social Security Administration
Office of General Counsel
6401 Security Boulevard
Baltimore, MD 21235

8. The Court reserves jurisdiction regarding sanctions, damages, contempt, return of funds, and additional relief pursuant to 11 U.S.C. § 362(k);

9. Any violation of this Order may result in additional sanctions and contempt proceedings.

Date: _____

_____
UNITED STATES BANKRUPTCY JUDGE